**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 24-1823**

———————

MAKINA VE KIMYA ENDUSTRISI A.S.,

       Plaintiff – Appellant,

v.

KUTLAY KAYA; ZENITH QUEST CORPORATION; ZENITH FIREARMS, INC.; ZENITH QUEST INTERNATIONAL, INC.,

       Defendants - Appellees.

———————

Appeal from the United States District Court for the Western District of Virginia, at Charlottesville.  Robert S. Ballou, District Judge.  (3:20−cv−00072−RSB−JCH)

———————

Argued:  May 8, 2025                         Decided:  June 10, 2025

———————

Before WILKINSON, NIEMEYER, and BERNER, Circuit Judges.

———————

Affirmed by unpublished opinion. Judge Wilkinson wrote the opinion, in which Judge Niemeyer and Judge Berner joined.

———————

**ARGUED:**  John T. Ruskusky, NIXON PEABODY LLP, Chicago, Illinois, for Appellant. Evan Davis Mayo, MAYO LAW GROUP PLLC, Charlottesville, Virginia, for Appellees. **ON BRIEF:** Kathleen M. Mallon, NIXON PEABODY LLP, Chicago, Illinois, for Appellant.  Daniel R. O. Long, MAYO LAW GROUP PLLC, Charlottesville, Virginia, for Appellees.

———————

Unpublished opinions are not binding precedent in this circuit.

WILKINSON, Circuit Judge:

A Turkish firearm manufacturer sued its U.S. distributor for breach of contract, trademark infringement, and false advertising. After a nine-day trial, the jury returned a verdict for the distributor on all claims. The manufacturer now appeals the district court's denial of its post-trial motions for judgment as a matter of law and a new trial. We find its contentions unpersuasive, and we accordingly affirm.

I.

Plaintiff-appellant Makina ve Kimya Endustrisi A.S. ("MKE") is a Turkish defense company. In 2013, MKE began a relationship with Zenith Quest International, Inc. to distribute MKE products in the United States. Zenith Quest International was run by defendant-appellee Kutlay Kaya and his wife Hanri. The Kayas later formed Zenith Quest Corporation and Zenith Firearms, Inc., which they also used to do business with MKE. We refer to the defendant entities collectively as "Zenith."

Between 2013 and 2019, MKE and Zenith entered a series of distributorship agreements. Central to this case is the 2019 Agreement, which established a delivery schedule for four shipments of firearms and a repayment plan for a $5 million debt owed by Zenith for earlier unpaid invoices. MKE made the first two shipments in March and May 2019 but informed Zenith that the June and July shipments would be delayed because MKE had not received the down payments required by the contract. Zenith maintained that the initial two shipments were defective and requested a refund of money paid toward the June shipment. In August 2019, MKE notified Zenith that it was terminating the Agreement.

2

MKE sued Zenith for breach of contract. It also brought claims for trademark infringement relating to Zenith's use of MKE's logo at a trade show and on its website and for false advertising based on Zenith's marketing of a competing firearm. The jury found for Zenith on all claims and awarded $720,000 in counterclaim damages for MKE's breach of the 2019 Agreement. After the trial, MKE filed a renewed motion for judgment as a matter of law under Federal Rule of Civil Procedure 50 and, alternatively, for a new trial under Rule 59. The district court denied both motions and this appeal followed.

## II.

We review de novo the district court's denial of MKE's renewed motion for judgment as a matter of law. *Sardis v. Overhead Door Corp.*, 10 F.4th 268, 279 (4th Cir. 2021). In doing so we ask whether, taking the evidence in the light most favorable to Zenith, "there was a *legally sufficient evidentiary basis*" for the jury's verdict. *Id.* (citation omitted). We review the denial of MKE's alternative motion for a new trial for an abuse of discretion. *Hicks v. Ferreyra*, 64 F.4th 156, 174 (4th Cir. 2023). A new trial is warranted "only if the verdict: (1) is against the clear weight of the evidence; (2) is based upon false evidence; or (3) will result in a miscarriage of justice." *Id.* at 171 (citation omitted).

MKE raises a multitude of issues with the trial, none of which have merit. On its breach of contract claim, MKE argues that Zenith materially breached the 2019 Agreement first by failing to make timely down payments for the June and July shipments and by missing a July debt payment. But this overlooks evidence that the March and May shipments were defective, that MKE failed to make the June shipment as scheduled, and that these antecedent delays required an adjustment in the debt repayment schedule under

3

the Agreement's terms. It was thus not unreasonable for the jury to find for Zenith on the party's competing breach of contract claims.

MKE also takes exception to several of the district court's jury instructions relating to the contract claims. In particular, MKE argues that the court erred by stating that "failure to act in good faith constitutes a breach of contract." J.A. 3385. MKE characterizes this statement as incomplete given that the breach claims here are premised on the exercise of specific contractual rights. But the district court made clear to the jury in the same instruction that the obligation of good faith cannot "vary or contradict an express contractual right or obligation." *Id.* Nor did the court err in giving instructions on prevention and course of performance.

MKE's objection to the jury's damages award is likewise unpersuasive. We agree with the district court that there was "sufficient evidence to support the damage award" given the categories of damages Zenith requested. J.A. 4758. These categories included lost profits as well as the cost of warranty work and the payment made toward the June shipment, all of which were substantiated by documents and witness testimony at trial.

As to the trademark infringement claim, MKE contends that the evidence compels a conclusion that Zenith infringed MKE's trademark by using it at a trade show and in online advertisements after termination of the 2019 Agreement. But the jury heard testimony showing that MKE knew about the use of its trademark at the show and failed to lodge an appropriate objection, as well as evidence that the token references to MKE on Zenith's website and Facebook page were permissible fair use.

4

Finally, MKE protests the denial of its post-trial motions with respect to its false advertising claim. It contends that the evidence establishes that the ZF-5 firearm produced by Zenith and advertised as "Made in USA" did not meet Federal Trade Commission standards for "Made in USA" labeling. This contention is defeated by the jury's finding to the contrary, based on witness testimony and a stipulation from Zenith's supplier showing that the ZF-5's final assembly and significant processing took place in the United States and that the overwhelming majority of manufacturing costs were attributable to domestic sources.

III.

All in all, MKE had its day in court. The company's multiple complaints about the trial founder on the fact that the jury, after considering the evidence presented, ruled against it on the dispositive questions. The judgment of the district court is affirmed in all respects.

*AFFIRMED*

5